Margaret J. Smith Trust for Mary Ellen Smith Sigmond, (Formerly Mary Ellen Smith); Margaret J. Smith Trust for John Edward Smith, Margaret J. Smith Trust for Margaret Louise Smith, Margaret J. Smith Trust for Barbara Ann Smith, J. Roy Geier, Trustee and Transferee v. Commissioner. John Edward Smith, Transferee and/or Beneficiary v. Commissioner. John Edward Smith, Transferee and/or Beneficiary v. Commissioner. Margaret J. Smith Trust for Mary Ellen Smith Sigmond, (Formerly Mary Ellen Smith); Margaret J. Smith Trust for John Edward Smith, Margaret J. Smith Trust for Margaret Louise Smith, Margaret J. Smith Trust for Barbara Ann Smith. J. Roy Geier, Trustee and Transferee v. Commissioner. Mary Elln Smith Sigmond, (Formerly Mary Ellen Smith); Transferee and/or Beneficiary v. Commissioner. Mary Ellen Smith Sigmond, (Formerly Mary Ellen Smith); Transferee and/or Beneficiary v. Commissioner.
Smith Trust v. Commissioner
Docket Nos. 111375, 111376, 111377, 111378, 111379 and 111380.
United States Tax Court
1943 Tax Ct. Memo LEXIS 399; 1 T.C.M. (CCH) 783; T.C.M. (RIA) 43133; March 18, 1943
*399 J. C. Foote, Esq., E. 1006 - 1st Nat'l Bank Bldg., St. Paul, Minn., for the petitioner. Edward C. Adams, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: Petitioners in these consolidated proceedings challenge the respondent's determination of their transferee liability for 1937 gift taxes as follows: Docket No.
Liability
Docket No.
Liability
Geier
111375
$1,270.39
111378
$450.00
Smith
111376
1,270.39
111377
450.00
Sigmond
111380
1,270.39
111379
450.00 Two questions are involved. The first is whether the trust gifts were of present or future interests so as to warrant an exclusion of $5,000 in respect of each of eight gifts. The second is whether the several petitioners are liable as beneficiaries, transferees, or trustee of the property of the donors for the 1937 gift tax liability plus statutory interest thereon. Other questions have been conceded. [The Facts] The stipulated facts are hereby found. Petitioner J. Roy Geier is the trustee of four trusts, and petitioners Mary Ellen Smith Sigmond and John Edward Smith are each beneficiaries of one of those four trusts. On April 5, 1937, Margaret J. Smith created the four trusts *400 here involved, one for the benefit of each of her children, naming J. Roy Geier trustee of each. The four children named were Margaret Louise Smith, Barbara Ann Smith and petitioners Mary Ellen Smith (Sigmond) and John Edward Smith, who on April 5, 1937, were 15, 12, 22, and 19 years of age, respectively. The trust provisions covering distribution of principal and income were the same in the trusts for the three daughters. The instruments provided, except in the case of Mary Ellen who was past 21, for accumulation of all net income until the beneficiary reached majority. After reaching majority it was provided: (b) * * * Trustee shall pay [or pay out] to said [the respective beneficiary] all the net rents received from real estate, and in addition thereto such sums from the income and from the principal as the Trustee may determine to be necessary and proper for her education, maintenance, comfort and support during her lifetime, and the Trustee is authorized to pay to her or expend or apply for her benefit such additional sums from the income or principal or both as the Trustee in his sole descretion may deem advisable. When the said beneficiary has attained the age of thirty years, *401 she shall be paid the entire net income. (c) The annual income or any portion thereof which shall not have been paid into the said [beneficiary] shall be accumulated, except that no rents from real estate shall be accumulated but shall be distributed to the said beneficiary as she may request from time to time in writing. (d) This Trust Estate has been created by the Donor for the benefit of [the named beneficiary] both as to principal and income, with the intent that she is to enjoy the full value thereof, both as to principal and income, and if the Trustee (after [Barbara Ann Smith, and Margaret Louise Smith, respectively] has attained her majority), determines that this objective can be best attained by turning over the principal and terminating the Trust or by the investment of the principal of the Trust Estate, or any part thereof, in life insurance annuities, as herein provided, to give her greater security and greater use of her estate, he is authorized so to do. The determination of the Trustee as to the advisibility, necessity, expediency or propriety of such action, or investment and as to the time and amounts thereof shall be final. In the case of John Edward Smith the *402 instrument contained the same provisions for distribution of principal and income, except that the last sentence of subsection (b) was omitted and that in place of subsection (d) above it contained the provision: (d) This Trust Estate has been created by the Donor for the benefit of said son, both as to principal and income, with the general intention that after he has attained the age of twenty-one, reasonable amounts of the principal of the Trust Estate may be made available to him. on his request, in order to give him opportunity to develop and express his own initiative, business acumen and discernment in business affairs. * * * * *
When the said son has attained the age of thirty, if the principal has not been turned over to him prior to that time, I direct that the Trust Estate shall terminate and all the assets thereof shall be turned over in fee to the said son and the Trustee shall be discharged. With these things in mind, the Trustee is hereby authorized, upon the request of the said John Edward Smith, after he has attained his majority, to pay over to him from time to time certain portions of the principal of the Trust Estate in cash, or specific securities or assets *403 thereof, or to hold or retain in the Trust Estate all or such portion of the principal as the Trustee in his sole discretion deems advisable under all the circumstances until the Trust is terminated, as above provided. All four instruments contained the same provisions to cover the possible death of the beneficiaries. They read: Upon the decease of [the respective beneficiary] the entire Trust Estate then remaining in the hands of the Trustee, principal and accumulated income thereof, shall be paid and distributed to such person or persons and in such manner as the said [beneficiary] may, by her [his] Last Will and Testament, appoint and direct, which power of appointment is hereby granted to her [him], but in default of the exercise of such power of appointment by her [him], this Trust Estate shall be paid and distributed as follows: (a) If the said [beneficiary] die leaving issue surviving her [him], then such issue shall take equally and by right of representation the income and principal of the Trust Estate, such income and principal to be paid to such issue at such times and in such amounts as the Trustee may determine is necessary for the maintenance, support and education *404 of such issue until such issue attains majority, when he or she, as the case may be, shall receive outright, free from any trusts, his or her share. (b) Simultaneous with the execution of this Trust Agreement and the establishment of this Trust Estate, this Donor created, by instruments in writing bearing even date herewith, Trust Estates for [naming the three other children]. In the event that the said [beneficiary] die without issue, then this Trust Estate shall terminate and the assets thereof shall be divided into three equal shares and turned over to the Trust Estates above mentioned, one share to each, and shall be administered and disposed of as though it had originally constituted a portion thereof. But if any of said Trust Estates shall have terminated, then the beneficiary or beneficiaries, as the case may be, of such Trust, shall receive outright such share free of all Trusts. But if there be no beneficiary of such Trust Estate, then the share shall pass to the Trust Estates then existing, share and share alike. The trusts were irrevocable, the trustee acquiring sole lega and equitable right to all properties of the trust, and the beneficiaries acquiring no transmissible *405 rights in the corpus or income prior to distribution by the trustee. Petitioner Mary Ellen Smith Sigmond is the Mary Ellen Smith named in the trust instruments. No part of the corpus of any of the trusts here involved consisted of real estate between April 5, 1937, and January 1, 1938, the period in question. To each of the four named trusts Margaret J. Smith in 1937 transferred 750 shares of no par common stock of the Smith Welding Equipment Corporation. The donor filed a gift tax return for 1937 with the collector of internal revenue at St. Paul, Minnesota, on March 15, 1938. In that return the 3,000 shares were valued $10at per share, $7,250 per gift, or a total of $30,000. Exclusions amounting to $20,000 or $5,000 for each of the four gifts were taken and a specific exemption of $10,000 was claimed and the return disclosed no gift tax liability. The Commissioner later correctly determined that the value of each block of 750 shares transferred by donor Margaret J. Smith was $13,200, instead of $7,250, making an aggregate correct value of $52,800. The Commissioner increased the donor's specific exemption from $10,000 to $32,800 which is concededly correct. There has never been *406 assessed against the donor, and there never has been paid by anyone else, any 1937 gift tax in respect to the four gifts. The donor was not rendered insolvent by those gifts and the three-year statutory period for assessment against the donor terminated on March 15, 1941. In 1937 Elmer H. Smith, husband of Margaret J. Smith, transferred to each of the four trusts 250 shares of Commercial Gas Company common stock having a par value of $10. Donor, Elmer H. Smith, filed a gift tax return on March 15, 1938, reporting the four gifts at a total valuation of $20,000, or $20 per share, and excluding $20,000, or $5,000 for each gift, thereby reporting no gift tax liability. Subsequently the Commissioner correctly determined that the stock at the date of gift had a value of $22 per share and recomputed the gift tax liability. The recomputation allowed the $20,000 of exclusions and determined a $90 gift tax deficiency to which the donor agreed. It was assessed and paid. The gift did not render the donor, Elmer H. Smith, insolvent and there has never been assessed against the donor nor paid by the donor nor any other person a gift tax in addition to the $90 paid with respect to those four gifts. *407 The three-year period of the statute of limitation on the donor's liability for gift tax expired on March 15, 1941. On March 9, 1942, the respondent mailed six notices of gift tax liability, two to each of the three petitioners here involved, one of each of the two notices being with respect to all four of the gifts of Margaret J. Smith and one being with respect to all four of the gifts of Elmer H. Smith. In other words, the notices asserted that each of the three petitioners was liable for the gift taxes arising from the eight transfers to the four trusts by the donors, Margaret J. and Elmer H. Smith. The notices of deficiency and liability determined that all of the gifts were gifts of future interest precluding the $5,000 exclusion otherwise permitted by section 504 (b), Revenue Act of 1932, and that petitioners were therefore liable for additional gift taxes. The gift tax liability was determined to be $450 and $1,270.39, respectively, for the gifts of Margaret H. and Elmer J. Smith. The value of each of the eight gifts made by the donors in 1937 exceeds the unpaid gift tax liability and interest attributed by the respondent to each of the two combination gifts. In Docket No. *408 111376, involving the liability of John Edward Smith for tax on the gifts of Elmer H. Smith, it is stipulated and agreed as follows: (c) Should it be determined that the petitioner is liable as beneficiary and/or transferee of the property of Elmer H. Smith, and also that the gifts involved were gifts of future interests, then, and in that event, the Commissioner's determination is correct and petitioner is liable for the 1937 gift tax asserted in the statutory notice forming the basis of this appeal, plus statutory interest thereon. Comparable stipulations were made in each of the other appeals. [Opinion] Whether there is any gift tax liability in these proceedings in the first place depends upon the right to claim the $5,000 exclusions with respect to the several gifts. This in turn depends upon whether the gifts were of present or of future interests. It is scarcely debatable that as to the children who were minors when the gifts were made the interests were purely future. . The trustees were required to accumulate all the income during their minority and petitioners inferentially concede that any power *409 of appointment by will would be impossible of exercise by a beneficiary who had not reached majority. As to the gift to the daughter, Mary Ellen, however, she being of age at the time, it is contended first that the power of the trustees to distribute income as they "may determine to be necessary and proper for her education, maintenance, comfort and support" gave her a present interest under the doctrine of ; and second, that "Mary Ellen was of age when the trust was created, and thus competent to exercise the power of appointment by will granted by the trust." Assuming for present purposes the correctness of the decision in the Smith case, the present instrument is distinguishable for the same reason that that case distinguished the earlier decision in . In the Smith case the trustee was "directed, in his sole discretion, to use the principal and income from said Estate for the purpose of the education and preparation of said beneficiaries to attain and occupy an advantageous and desirable *410 position in life." In the present case the language provides that the trustee shall pay "such sums from the income and from the principal as the Trustee may determine to be necessary and proper for her education, maintenance, comfort and support during her lifetime, and the Trustee is authorized to pay to her or expend or apply for her benefit such additional sums from the income or principal or both as the Trustee in his sole discretion may deem advisable * * *. The annual income or any portion thereof which shall not have been paid unto the said Mary Ellen Smith shall be accumulated * * *." This situation was distinguished in the Smith opinion, from the situation in that case, discussing , as follows: * * * the trustee was not, as here, empowered and directed to devote both principal and income of the trust estate to the education and preparation for life of the beneficiaries, but only to use such part of the income as the trustee "may deem necessary" [ for maintenance, support, and education after consultation with the parents of the minor beneficiaries. The evident *411 purpose of the grantor in the Gardner case was to confer upon the trustee a power of maintenance which he might or might not exercise after investigation of the age and needs of the beneficiaries. * * * A direction to accumulate income, accompanied by a proviso that the trustee may devote a portion to the use of the beneficiaries during the accumulating period, differs in controlling essentials from a direction to pay over to the trustees in a trust instrument in which the purpose of accumulation is no where expressed. We are accordingly of the opinion that there was no aspect of her rights with respect to the distribution of income which gave Mary Ellen a present interest. ; , certiorari denied, ; ; . In and of itself the power of appointment is to an even greater extent a future interest. It *412 could be exercised only by will which, of course, would not speak until the donee's death, an occurrence of the indeterminate and probably distant future. And whatever the rule might be as to the donee of a power who is also the holder of an unqualified life estate, [1] there is no justification here for coupling the donee's limited interest in the income dependent upon the trustee's discretion with the power of appointment so as to arrive at an estate comparable to a present interest. If both the interest in the income alone and the power of appointment are future interests, any contention that the combination could result in the gift of a present interest would reduce to the absurdity that the possession of two future rights creates a presently enjoyable interest. This is a length to which neither we nor apparently the petitioners are prepared to go. It follows that there was a liability for gift tax as determined by respondent. This liability to the extent of the value of the property *413 transferred is one which devolved upon the donee-beneficiary. . It may also be invoked against the trustee to the extent of the trust property. . It might well be that at least as to the donees of future interests, a liability for payment of gift tax should be strictly confined to the value, if any, of the future interests so conferred. In the present case, however, we are debarred from any inquiry in that field by the stipulation of the parties to the effect that if "it be determined that [any] petitioner is liable as a [transferee, beneficiary, or trustee] * * * and also that the gifts involved were gifts of future interests," as it has been "then, and in that event, the Commissioner's determination is correct and [such] petitioner is liable for the 1937 gift tax asserted in the statutory notice forming the basis of [the respective] appeal, plus statutory interest thereon." In accordance with that stipulation, Decisions will be entered for respondent.
Footnotes
1. See e.g. : "Where a life tenant is also given a power of testamentary disposition position, his estate is not thereby enlarged to a fee."↩